(No. 97-CC-3978-)

HERMAN J. SHRADER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed March 31, 2000.*

HERMAN J. SHRADER, *pro se*.

JIM E. RYAN, Attorney General (FRANK J. McCARTNEY, Assistant Attorney General, of counsel) and JAY SPENGLER, for Respondent.

## ORDER

EPSTEIN, J.

Claimant, Herman J. Shrader, an inmate of the Illinois Department of Corrections (IDOC), brought this claim seeking $2,050 in damages for lost property which he alleges he suffered due to the negligence of IDOC.

This case is before us after trial before our Commissioner, LeRoy A. Ufkes, and is now before us on the complaint of Herman J. Shrader, the trial record, and the Commissioner's recommendation.

On November 3, 1996, the Claimant was given a six-hour pass while he was in Winnebago County Correctional Center as an IDOC inmate, having been transferred from Stateville Correctional Center to commence a work release program. Claimant claimed that he was unable to get back to the institution in that time because of some personal family problems. However, the records

reflect that the Claimant was picked up in another county and eventually transferred to the Joliet institution facility as an escapee, as he admitted. In the interim, the Winnebago County Correctional Center had disposed of his personal property which he had believed would be kept for him until he moved on to the next place of occupancy.

The IDOC regulations provide that a prison institution has the right within a designated period to dispose of prisoner's personal property, either by giving the same to charity or some other like disposal, and that an escape is deemed an abandonment of personal property left behind. DR 535, section 535.130 is cited by the Respondent to this effect. Claimant had abandoned Claimant's personal property for the requisite period as well as by escape. Nevertheless, it appears from the departmental report of IDOC that correction officials attempted to contact the individual whom the Claimant had designated to receive his personal property, and only acted upon Claimant's abandonment when that person could not be contacted by IDOC personnel.

In this case, this Claimant had been absent from the Winnebago County Correctional Center for over 30 days, and was deemed an escapee. Under the IDOC regulations, and under the facts of this case, this Claimant has no legitimate claim to any redress for his abandoned property. The Respondent acted properly, and this claim will be denied.

For the reasons set forth above, it is ordered that this claim is denied and forever barred.